IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWIN BELONEY,

    Petitioner,

  v.

M. S. EVANS, Warden,

    Respondent.

No. C 07-4649 WHA (PR)

**GRANT OF LEAVE TO PROCEED IN FORMA PAUPERIS; ORDER TO SHOW CAUSE**

Petitioner, a California prisoner currently incarcerated at Salinas Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis.

Venue is proper because the conviction was obtained in Santa Clara County, which is in this district. *See* 28 U.S.C. § 2241(d).

**STATEMENT**

A jury convicted petitioner of carjacking and robbery with gang enhancements. With sentencing enhancements, he was sentenced to twenty-eight years to life in prison. His conviction was affirmed on direct appeal by the California Court of Appeal, and the California Supreme Court denied review.

**DISCUSSION**

**A.**   **STANDARD OF REVIEW**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in

1 custody pursuant to the judgment of a State court only on the ground that he is in custody in
2 violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose*
3 *v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading
4 requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ
5 of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state
6 court must "specify all the grounds for relief which are available to the petitioner ... and shall
7 set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of
8 the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not
9 sufficient, for the petition is expected to state facts that point to a 'real possibility of
10 constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d
11 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient
12 are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d
13 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     LEGAL CLAIMS**

As grounds for federal habeas relief, petitioner asserts that: (1) the trial court's admission of evidence that petitioner committed a home invasion robbery hear the time of the carjacking charged here violated his due process rights; and (2) there was insufficient evidence to support the gang enhancements.

**C.     MOTION FOR APPOINTMENT OF COUNSEL**

The Sixth Amendment's right to counsel does not apply in habeas corpus actions. *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986). However, 18 U.S.C. § 3006A(a)(2)(B) authorizes a district court to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require and such person is financially unable to obtain representation."

Petitioner has presented his claims adequately in the petition, they have previously been presented by counsel on direct appeal, and they are not particularly complex. The interests of justice do not require appointment of counsel at this stage of the case.

///

**CONCLUSION**

1. Leave to proceed in forma pauperis (document number 2 on the docket) is **GRANTED**. Petitioner's motion for appointment of counsel (document number 3) is **DENIED**.

2. The clerk shall mail a copy of this order and the petition with all attachments to the respondent and the respondent's attorney, the Attorney General of the State of California.

3. Respondent shall file with the court and serve on petitioner, within sixty days of service of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. If petitioner wishes to respond to the answer, he may file a traverse with the court and serve it on respondent within thirty days of service of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of service of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of service of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a copy of the document to respondent's counsel. Papers intended to be filed in this case should be addressed to the clerk rather than to the undersigned. Petitioner also must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with any orders of the court within the time allowed or ask for an extension of that time. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: September 12, 2007.

WILLIAM ALSUP

3

UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.07\beloney4649.osc.wpd